**WILSON v. ALLIED CHEMICAL & DYE CORPORATION, et al.**

Circuit Court, Dade County.
January 21, 1952.

Nichols, Gaither & Green, Miami, for plaintiff.

Worley, Gautier & Dawes, Miami, for Allied Chemical & Dye Corporation.

Loftin, Anderson, Scott, McCarthy & Preston, Miami, for Florida East Coast Railway.

Dixon, DeJarnette & Bradford and Walton, Hubbard, Schroeder, Lantaff & Atkins, both of Miami, for H. L. Mills Construction Co.

VINCENT C. GIBLIN, Circuit Judge.

I have heard and considered the arguments of counsel on the post-trial motions of the defendants H. L. Mills and Kathryn Mills, individually and as co-partners doing business as H. L. Mills Construction Co., and the defendants Scott M. Loftin and John W. Martin, as trustees of the property of Florida East Coast Railway.

It is argued by counsel for the railway trustees that there was no evidence of negligence of any of the railway employees which was a proximate cause of the collision which gave rise to the litigation. I think that there was sufficient evidence to constitute a basis for the jury's conclusion that the locomotive engineer could and should have brought the train to a stop in time to avert its collision with the truck involved in the accident.

It is contended that the jury's award of $300,000 is so excessive as to show that the jurors were influenced by passion, prejudice or other improper motive. The jury was composed of an insurance agent, a plastering contractor, an employee of the Eastern Air Lines, a laundry serviceman, a plumber

and a carpenter. It was, in my opinion, a representative jury, the members of which were governed by no motive except the purpose to consider the evidence and determine the issues fairly, impartially and conscientiously. Their exoneration of the corporate defendant, Allied Chemical & Dye Corporation, is indicative of the jurors' unprejudiced attitude.

Counsel for the movants characterize the jury's award as "shockingly excessive," and they insist that, if a new trial is not to be accorded because of the asserted passion, prejudice or other improper motive of the jury, a new trial should be granted unless there should be a remission of excess damages. Counsel, however, have afforded me no enlightenment as to the amount of the claimed excess, nor have they assigned any reason, other than their expressed surprise and shock, why I should substitute for the jury's award my estimate or computation of the amount of damages which should be allowed. The jury's award, I am told, is the largest made in a personal injury action in the history of Florida jurisprudence. That fact, however, is no reason for my requiring its reduction. My understanding of the law impels me to refuse to require the entry of a remittitur unless the amount of excess clearly appears from the record. In this case the record discloses no standard or rule by which I can decide that the award is excessive or by which, even if I should so decide, I could specify the amount of the excess. If the dictates of my conscience are to govern my action, I am unwilling to say to the plaintiff that he shall not recover the amount to which the jurors have said he is entitled. His expenses for hospitalization and for surgical and medical care and treatment approximated $7,791. His future medical expenses approximate $2,900. His loss of earnings from the time of the accident to the time of the trial (without any allowance for salary increases to which he would have been entitled had he not been injured) approximated $11,800. The present money value of his future loss of earnings exceeds $100,000. The pain and suffering to which he has already been subjected have been intense and excruciating. He was confined in a hospital for one hundred and thirty-one days and submitted to thirteen surgical operations, nine blood transfusions, one hundred and seventy-one injections for the prevention of infection and four hundred and forty-five doses of drugs for the alleviation of pain. As a result of the administration of narcotic drugs he became an addict and was forced to overcome his addiction. He has suffered the loss of

a major part of his left foot, which is now practically useless, and other serious injuries. He is crippled for life. During the remainder of his life, estimated at twenty-four years, he will have to endure physical pain and suffering, nervous disorders and mental anguish, embarrassment and humiliation because of his disfigurement; he will have to forego the recreational diversions of hunting, swimming, bowling, golfing and dancing which he enjoyed before the unfortunate accident; and he will need the constant care and treatment of physicians in the effort to minimize his pain, suffering and disabilities. In such circumstances I am not constrained to hold that he will be over-compensated if he recovers the amount of damages awarded him by the jury.

For the reasons stated the motion of the defendant partners for a new trial, the motion of the defendant trustees (made at the close of the evidence) for a directed vedict in their favor and the motion of the defendant trustees for a new trial are denied.